MASTER PLUMBERS ASSOCIATION OF ALBANY, NEW YORK, Appellant, *v.* ROBERT WEIR and Others, as Officers of the United Association, Local Union No. 7, Journeymen Plumbers and Steamfitters of Albany, New York, Respondents.

Third Department, November 22, 1939.

*McClung & Peters* [*Homer E. Peters* of counsel], for the appellant.

*John J. Conway,* for the respondents.

BLISS, J. The question before us is whether a provision contained in a proposed agreement between the parties is illegal in that it violates section 704 of the Labor Law. Plaintiff is a membership corporation whose members are engaged in the business of installing and repairing plumbing and heating work. They employ journeymen plumbers and steamfitters who are members of the defendant union and also handle the tools of the trade and work on these jobs personally. In the proposed agreement the union insists that there shall be included a provision to the effect that " working employers handling the tools of the trade shall pay dues forty-eight dollars per year, payable in advance, and shall abide by all rules and regulations of the union."

Appellant urges that this would be a violation of section 704 of the Labor Law relating to unfair labor practices which provides that it shall be an unfair labor practice for an employer to contribute financial or other support to any employee organization.

The individuals who comprise the plaintiff are both employers and workmen. They engage the members of the defendant union for a portion of the work and also work alongside them handling the tools of the trade themselves. The statute was not intended to prevent those who actually do the same work as the other members of a union from being members of that union or bearing their fair share of the expense of its maintenance by paying dues to that union. Such practice is not one of those coming within the obvious scope of section 704. This section was designed, among other purposes, to prevent the employers from dominating or interfering with the union or in any way controlling or influencing it and preventing its free action. Financial contribution or other support to such an organization is one means of obtaining such domination or influence. But one who actually labors with the members of the union should not be prevented from paying dues to it and bearing his fair share of its expenses simply because he also on occasion employs members of that union. He is at times an employer and at others a workman. The dues are paid in the latter capacity and not by an employer. The proposed agreement violates neither the spirit nor obvious intent of the statute.

The order should be affirmed.

HILL, P. J., CRAPSER, SCHENCK and FOSTER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.